William B. Beennan, Je., J.
Section 794 of the Civil Practice Act authorizes a mandatory direction to a third party to pay to a judgment creditor sums on account of an indebtedness owed by the third party to the judgment debtor. The judgment creditor in the instant proceedings holds a judgment against Highway *375 Seeding and Sodding Co., Inc., rendered May 4,1962, upon which there is presently due a balance of $10,418.04, and interest. He seeks an order pursuant to the statute against a third party, De Lillo-Century-Psaty, a joint venture.
De Lillo-Century-Psaty was the general contractor under a contract with the Department of Public Works of the State of New York for the construction of a portion of the Long Island Expressway. The said third party entered into a subcontract with the judgment debtor upon which there is due the debtor, but not necessarily payable to it, the sum of $3,630.75.
The judgment debtor has defaulted upon this application. However, the third party opposes the application upon the ground that under its contract with the debtor it is entitled to receive a general release from the debtor and other customary documents including proof of payment by the debtor for all labor and fringe benefits, social security taxes, withholding taxes and insurance, and for materials and rental of equipment. Such release, documentation and proof have not been furnished to the third party. It also appears that a stranger to this proceeding, Terry Company, has advised the third party that the debtor owes it $2,525.39 for moneys allegedly earned by it as a sub-contractor of the debtor upon the public improvement involved in the general contract, and there may be other claimants to the fund arising out of the application of article 3-A of the Lien Law.
Were this an action solely between the subcontractor and the third party (general contractor) there would be no question of the third party’s right to require the precedent release and proof above mentioned. “An owner or general contractor has the right to protect itself against further claims following the final payment and to provide, as a condition to final payment, that all accounts be settled. Such a condition precedent to final payment contained in a building or construction contract is binding and will be enforced.” (Marshall v. Turner Constr. Co., 139 N. Y. S. 2d 55, 58).
As already stated, the subcontractor (judgment debtor) has defaulted and offers no opposition to this application. However, assuming that the judgment creditor claiming through the debtor could stand in a more favorable position than the debtor with reference to the foregoing contractual requirement, there remains the more formidable obstacle to his application for a turnover order, that the funds which he seeks to recover are part of a trust fund in the hands of the contractor by virtue of article 3-A of the Lien Law of the State of New York and the laws from which it is derived (see N. Y. Legis. Doc., 1959, No. *376 65 [F]). Under section 70 of that law, the funds received by a contractor or subcontractor upon a contract for a public improvement and any right of action for any such funds due or earned or to become due or earned constitute assets of a trust for the purposes provided in section 71. Moreover, the trust continues with respect to every asset of the trust until “every trust claim arising at any time prior to the completion of the contract or subcontract has been paid or discharged, or until all such assets have been applied for the purposes of the trust.” (Lien Law, § 70, subd. 3.) The papers assert, and it is not disputed, that there is at least one other claim that has been made against the fund by a subcontractor of the debtor. In addition, the movant makes no showing that items for which the judgment debtor as a subcontractor would be liable, such as labor, fringe benefits, social security taxes, withholding taxes and other charges, have in fact been paid. These items fall within the enumeration of expenditures for which the statutory trust assets are required to be applied (Lien Law, § 71).
Language aptly describing the situation here presented is to be found in Gerosa Haulage & W. Corp. v. Prospect Iron Works (197 N. Y. S. 2d 936, 939) in which this court (Robinson, Jr., J.) said: “ The only interest which the judgment debtor has in the amount held by Hendrickson is a claim for such amount as may be left over after the satisfaction from such funds of the claims of all parties who furnished labor or 'materials to the judgment debtor Prospect in connection with such public improvement. From the papers submitted it would appear that there are many such claimants. # * * This court cannot determine on a motion of this kind what claims are payable out of this fund or what part of the fund, if any, belongs to the judgment debtor to the extent that it may be applied to his general debts or judgments against him for general debts.”
Accordingly, the motion is denied, without prejudice to such other remedies as the judgment creditor may be advised. Nothing herein contained shall be deemed to vacate the stay contained in the third-party subpoena.