James J. Crisola, J.
This is a proceeding by a subcontractor’s judgment creditor for an order pursuant to section 794 of the Civil Practice Act directing the general contractor, which owes certain funds to the subcontractor, to pay over such funds to the judgment creditor.
Miller-Letterman Corporation (Miller) was the general contractor under a contract with the Board of Education of Union Free School District No. 2, of the Town of Hempstead, for the construction of a junior high school. The judgment debtor, Island Drainage Corp. (Island), was one of its subcontractors. Miller is now retaining the sum of $1,286.75, which is due and payable to Island.
Miller opposes the instant application and in his affidavit its president states that “ there are many claims ” made against the sum due Island. At least two of these claims have been presented by subcontractors or materialmen of Island for materials used in the construction of the junior high school. One of these claimants is Certified-Pref erred, Inc. (Certified), which has a claim for $309, and the other is American-Vitrified Products Co., Inc. (American), which has a claim for $612.25. Each of these claimants has filed a public improvement lien with the school district, which is now withholding the sum of $1,300 from money it owes to Miller.
Island has defaulted upon this application. Certified and American have been made parties hereto and have appeared in opposition.
The petitioner’s judgment is for the sum of $1,166.88 and it was rendered and docketed on April 24, 1962. It was not rendered on account of any work done in connection with the public improvement. Section 794 of the Civil Practice Act is limited by section 792 of that act. The latter section provides that the article “ does not authorize the seizure of, or other interference with * * * any money, thing in action or other property held in trust for a judgment debtor ”. Pursuant to section 70 of the Lien Law, the funds held by Miller constitute assets of a trust. (Matter of Mance v. Highway Seeding & Sodding Co., 36 Misc 2d 374.) Subdivision 2 of section 71 of the Lien Law provides that the trust assets of which the contractor or subcontractor is trustee shall be held and applied for-certain desig *217 nated expenditures arising out of a public improvement and incurred in the performance of the contract or subcontract. Since all trust claims have not been paid or discharged, it would be a diversion of trust assets to pay a judgment which was rendered in a matter not connected with the improvement. (Cf. Aquilino v. United States of America, 10 N Y 2d 271.)
The only interest which Island has in the amount held by Miller is a claim for whatever is left over after the satisfaction of all trust claims. (Matter of Mance, supra; Matter of Gerosa Haulage & Warehouse Corp. v. Prospect Iron Works, 197 N. Y. S. 2d 936.) The total amount of the trust is $1,286.75. The claims of Certified and American alone total $921.25. There 1 2‘ are many other claims ” made against the balance of $365.50. As the court stated in the Gerosa case (supra, p. 939): “ This court cannot determine on a motion of this kind what claims are payable out of this fund or what part of the fund, if any, belongs to the judgment debtor to the extent that it may be applied to his general debts or judgments against him for general debts.”
The motion is, accordingly, denied. Nothing herein contained shall be deemed to vacate the stay contained in the third-party subpoena.